UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 2691 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION FOR COMPROMISE AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned plaintiff and the United States of America, by and through their respective attorneys, (collectively, the "parties") as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation").

2. The United States of America agrees to pay the cash sum of Fifteen Thousand Dollars ($15,000) (hereinafter "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or

their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the settlement amount set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the settlement amount.

6. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor, a legally incompetent adult, or a representative of an Estate or of a wrongful death beneficiary, the plaintiffs must obtain court approval of the settlement at their expense from a court of competent jurisdiction. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff fails to obtain such court approval, the entire Stipulation and the compromise settlement are null and void.

7. Payment of the settlement amount will be made by electronic funds transfer (EFT) as per the following:

    A.    Name of Bank: JP Morgan Chase

    B.    Street Address of Bank: 10 South Dearborn Street

    C.    City, State and Zip Code of Bank: Chicago, Illinois 60670

    D.    Federal Reserve Number: 071000013

    E.    Routing Number: 071000013

    F.    Name of Account: RDS Client Trust Account

      G.    Account Number: 720783315

Plaintiff's attorney is responsible for distributing the settlement amount to the plaintiff, after paying or resolving any known lien or claim for payment or reimbursement arising out of the subject matter of this action. Plaintiff agrees to dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

      8.    The undersigned each acknowledge and represent that this Stipulation contains all the terms and conditions of this compromise settlement, that no promise or representation not contained in this Stipulation has been made to them, and that this Stipulation contains the entire understanding between the parties and contains all terms and conditions pertaining to the within compromise and settlement of the disputes referenced herein. To the extent that any other stipulation or term sheet has been signed by the parties, this Stipulation is the final stipulation between the parties and renders any other stipulation null and void.

      9.    The parties agree that this Stipulation and any additional documents relating to this settlement, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

      10.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this __2__ day of ~~July~~ August, 2011.   Executed this ___ day of July, 2011.

PATRICK J. FITZGERALD
United States Attorney

By: *(signature)*
ABIGAIL L. PELUSO
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5342
abigail.peluso@usdoj.gov

*Attorney for Defendant United States*

_____
Richard Freeman

*Plaintiff*

_____
Robert D. Sweeney
RDS Law
111 West Washington, Suite 1160
Chicago, Illinois 60602

*Attorney for Richard Freeman*

Executed this ___ day of July, 2011.

PATRICK J. FITZGERALD
United States Attorney

By: _____
 ABIGAIL L. PELUSO
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 353-5342
 abigail.peluso@usdoj.gov

*Attorney for Defendant United States*

Executed this 25 day of July, 2011.

_____
Richard Freeman

*Plaintiff*

_____
Robert D. Sweeney
RDS Law
111 West Washington, Suite 1160
Chicago, Illinois 60602

*Attorney for Richard Freeman*

5